# THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,

        **Plaintiff/Respondent,**

**v.**

                        **Case No. 21-CR-174-JFH**
                        **Case No. 26-CV-193-JFH[1]**

**KALUP ALLEN BORN,**

        **Defendant/Petitioner.**

## OPINION AND ORDER

Before the Court is Defendant/Petitioner Kalup Allen Born's ("Defendant") *pro se* Motion to Vacate, Set Aside, or Correct his Sentence under 18 U.S.C. § 2255 ("Motion"). Dkt. No. 137. For the following reasons, Defendant's Motion is DENIED.

## BACKGROUND

This Motion arises from one of three of Defendant's cases before this Court. *See United States v. Born*, No. 21-CR-122, No. 21-CR-174, No. 23-CR-150. In this case, a federal grand jury indicted Defendant for first degree murder for killing another inmate. At Defendant's trial, Defendant testified that he "wasn't thinking" and "lost control" when he stomped on the inmate's head twenty-seven times, and that he "wish[ed] it never would have happened." His counsel then implored the jury to find him "guilty of voluntary manslaughter" rather than first-degree murder, as his attack happened "in the heat of passion." The jury ultimately agreed, convicting Defendant of the lesser-included offense of voluntary manslaughter.

The Court consolidated the sentencing hearing for this case along with Defendant's other two cases. At that hearing, the Court refused to apply a two-point acceptance of responsibility for Defendant's trial admissions. The Court also imposed a one-level upward departure based on

---

[1] All citations to docket entries will reflect docket entries in case number 21-CR-174-JFH.

Defendant's extreme conduct under U.S.S.G. § 5K2.8. Defendant ultimately appealed those rulings to the Tenth Circuit, but the appellate court affirmed the Court's conclusions. *See United States v. Born*, No. 24-7011, 2025 WL 1911700 (10th Cir. July 11, 2025), *cert. denied*, 146 S. Ct. 395 (2025) ("Here, Defendant Kalup Allen Born seeks vacatur of his 121-month sentence, arguing that the district court erred in denying him an acceptance of responsibility offense-level reduction and abused its discretion in applying a one-level upward departure. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm on both issues."). Now, Defendant moves to reduce his sentence under 18 U.S.C. § 2255, which rechallenges the rulings that the Tenth Circuit already affirmed.[2]

## ANALYSIS

In his current Motion, Defendant seeks to reduce his sentence because he "clearly stated throughout [his] defense at trial . . . that [he] committed voluntary manslaughter," which the Court failed to account for at sentencing. Dkt. No. 137 at 4. He further argues his sentence should be reduced because the Court improperly imposed an upward departure at that same sentencing hearing. *Id.* at 5. Thus, Defendant moves the Court to grant his acceptance of responsibility and resentence him. *Id.* at 12. However, the "law of the case" precludes both of these arguments.

"Under the 'law of the case' doctrine, when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *United States v. Trent*, 884 F.3d 985, 994 (10th Cir. 2018) (quotations and citations omitted). There are "three exceptionally narrow" exceptions to this doctrine. *Id.* at 995. These exceptions are: "(1) when the evidence in a subsequent trial is substantially different; (2) when controlling authority has subsequently made a contrary decision of the law applicable to such issues; or (3) when the decision was clearly erroneous and would work a manifest injustice." *Id.* But, unless one of these

---

[2] In the form for his Motion, Defendant wrote "CR-21-00122-JFH," "CR-21-00174-JFH," and "CR-23-00150-JFH," in the section for "Criminal docket or case number." Furthermore, in the "Nature of crime" section, he wrote all of the counts across his three cases. Based on these facts alone, it would not be immediately clear which sentence Defendant seeks to reduce. However, the denial of acceptance of responsibility and one-level upward departure only occurred in 21-CR-174. Accordingly, the Court reviews his Motion as seeking to reduce his sentence in that case.

2

exceptions applies, courts should "refuse to reconsider arguments presented in a § 2255 motion that were raised and adjudicated on direct appeal." *Id.* at 994-95.

As stated above, the Tenth Circuit has already adjudicated the issues raised in Defendant's Motion. *See United States v. Born*, 2025 WL 1911700. And Defendant did not assert any of the above exceptions to the law of the case doctrine. So, the Tenth Circuit's decision precludes Defendant from reraising those issues again. His Motion must therefore be denied.[3]

Finally, a criminal defendant may not appeal a final order in a § 2255 proceeding unless he obtains a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(B). He may obtain a certificate of appealability only if he has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court dismisses the matter on procedural grounds, this requires the defendant to demonstrate that "jurists of reason would find it debatable whether the [§ 2255 motion] states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). For the reasons explained above, Defendant cannot satisfy either prong of this test, as the Court is bound by the Tenth Circuit's mandate. The Court therefore denies a certificate of appealability.

## CONCLUSION

IT IS THEREFORE ORDERED that Defendant's Motion to Vacate, Set Aside, or Correct his Sentence under 18 U.S.C. § 2255 [Dkt. No. 137] is DENIED.

IT IS FURTHER ORDERED that a certificate of appealability as to Defendant's Motion is DENIED.

Dated this 23rd day of June, 2026.

_____
JOHN F. HEIL, III
CHIEF UNITED STATES DISTRICT JUDGE

---

[3] The Motion, files, and records of this case conclusively show that Defendant is entitled to no relief. Thus, no evidentiary hearing is necessary.